UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA LEBOUEF                                    CIVIL ACTION

VERSUS                                           NO: 07-4450

AMICA MUTUAL INSURANCE CO.                       SECTION: "A" (4)

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 18)** filed by plaintiff Donna Lebouef. Defendant Amica Mutual Insurance Co. opposes the motion. The motion, set for hearing on July 9, 2008, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **DENIED**.

### I.    BACKGROUND

Plaintiff initiated this suit in state court against Amica Mutual Insurance Co. ("Amica"). Plaintiff alleges that her immovable property located in Chalmette, Louisiana sustained substantial wind damage, including total destruction, prior to any rising flood waters, during Hurricane Katrina. (Pet. ¶ III). Plaintiff alleges that Amica is responsible for all damages from flooding attributable to the levee breaches. Plaintiff seeks the limits of her policy under Louisiana's Valued Policy Law ("VPL"), as well as statutory penalties and attorney's fees under Louisiana law, La. R.S. § 22:658; La. R.S. § 22:1220, and additional living expenses.

Amica removed the suit alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction.  Plaintiff moves to remand the case to state court.  Plaintiff argues that remand is appropriate because recent events have clarified that the amount in controversy does not exceed $75,000.

## II.  DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed.  171 F.3d 295, 298 (5th Cir. 1999).  In such cases, the removing defendant, as the party invoking the

2

federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).  As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

Plaintiff's homeowner's policy has a dwelling limit of $117,000 with a personal property limit of $87,750.  <u>At the time the case was filed and later removed</u>, Plaintiff contended that Amica had made only insignificant payments to date and Plaintiff invoked Louisiana's VPL to seek full policy limits.  Louisiana Revised Statute 22:658, provides for a penalty between twenty-five and fifty percent on the amount due from the insurer, depending on which version of the statute applies.  La. R.S. 22:658.  Adding a reasonable attorney's fee to this amount, if applicable, easily caused the amount in controversy to exceed $75,000 <u>at the time the case was removed</u>.

Plaintiff's contention that remand is appropriate in light of recent court rulings regarding the applicability of the VPL

3

and the water damage exclusion is incorrect.[1]  The law is well-settled that the jurisdictional facts that support removal are to be judged as of the time of removal and post-removal affidavits and amendments cannot divest the court of jurisdiction once it attaches.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).  Thus, neither Plaintiff's willingness to stipulate as to damages nor the recent legal rulings adverse to Plaintiff's claims are a basis for the Court to remand this case.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 18)** filed by plaintiff Donna Lebouef should be and is hereby **DENIED**.

July 11, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also points out that she has now received payment under her flood policy.